[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16850
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 07-00104-CV-ORL-28DAB

COUNTRY INNS & SUITES BY CARLSON, INC.,
a Minnesota corporation,

Plaintiff-Appellee,

versus

INTERSTATE PROPERTIES, LLC,
a Florida limited liability company,
WILLIAM ABRUZZINO, an individual,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2009)

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Interstate Properties, LLC ("Interstate") owned a hotel in Orange City, Florida. In February 2004, Interstate entered into a License Agreement with Country Inn & Suites by Carlson ("Country"), pursuant to which Interstate promised to operate that hotel as a Country franchise for fifteen years. William Abruzzino, Interstate's sole owner, personally guaranteed payment of all amounts due Country under the License Agreement. In October 2006, Interstate breached the License Agreement by selling its Orange City hotel to a purchaser who did not continue to operate the hotel as a Country hotel. Country declared Interstate in default and, when Interstate did not pay Country all of the monies Country claimed it was owed, Country sued Interstate and Abruzzino (collectively, "The Interstate Defendants") for those monies and the new owner of the property for trademark infringement.

The complaint contained seven counts. Each count, with the exception of Count II– Country's claim against the Interstate Defendants for liquidated damages– was resolved by the parties. Most of the claims were voluntarily dismissed. The district court entered judgment for Country on Count I, pursuant to an agreement between the parties, and Count II, pursuant to the court's ruling that Country was entitled to summary judgment on that count. The Interstate Defendants now appeal the judgment, arguing only that the district court erred in granting summary judgment

2

to Country on Count II because the liquidated damages clause in the License Agreement is unenforceable.

This court reviews a district court's grant of summary judgment de novo, applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

The district court correctly identified the test under Florida law as to when a liquidated damages provision will be upheld. "First, the damages consequent upon a breach must not be readily ascertainable. Second, the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Lefemine v. Baron*, 573 So. 2d 326, 328 (Fla. 1991). The Interstate Defendants have not argued, here or in the district court, that the first part of this test is not met. Rather, they argue that the liquidated damages provision in the License Agreement fails the second part of the test because it: (1) does not take into account the time during the contract term

3

at which the breach occurs and, therefore, could operate so as to award Country more in liquidated damages than it might recover in actual damages; (2) does not reduce the liquidated damages award to present value; and (3) calculates the liquidated damages due based on gross revenues, not profits. The Interstate Defendants also argue that the liquidated damages provision is an unreasonable restraint on their right to alienate the property and is, for that reason, invalid.

Like the district court, we find the Interstate Defendants' arguments unpersuasive. The case citations they provide do not support their conclusion that the liquidated damages provision is invalid as a matter of law. And, the Interstate Defendants have not demonstrated that the clause operates as a pure penalty by virtue of being an unreasonable estimate of the actual damages Country may have suffered. The liquidated damages the Interstate Defendants agreed to pay Country in the event of a breach simply are not "so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Lefemine*, 573 So. 2d at 328. And, the liquidated damages clause does not operate as an impermissible bar on the Interstate Defendants' right to transfer the property. It simply makes transfer of that property to a purchaser who does not continue to operate the hotel as a Country franchise more costly.

4

Therefore, we find no error in the district court's grant of summary judgment to Country on Count II of the complaint and affirm the judgment.

AFFIRMED.